United States District Court
Southern District of Texas
**ENTERED**
April 03, 2020
David J. Bradley, Clerk

ExxonMobil Canada Holdings ULC, §
§
Plaintiff, §
§
versus § Civil Action H-19-1471
§
Lasco Development LLC (15), *et al.*, §
§
Defendants. §

# Opinion Compelling Arbitration

1. *Introduction.*

ExxonMobil Canada Holdings ULC moves to compel Lasco Family Trust LLC (15), Lasco Development LLC (15), and Lasco Development LTD. (15), to arbitrate their contract disputes with ExxonMobil in Houston under the Federal Arbitration Act and the parties' agreement to mandatorily arbitrate.

2. *Background.*

In 2005, ExxonMobil – as successor in interest to InterOil Corporation, the original signatory – agreed to an amended and restated indirect participation interest agreement with some investors.

The contract allows an investor to convert its indirect participation interest percentage into a registered legal interest in a petroleum retention license. For an investor to use this option, ExxonMobil must consent to the conversion.

The contract has an arbitration clause that binds the parties to arbitrate disputes "in any way arising out of, pertaining to, or in connection with" the contract in Houston, Texas.

ExxonMobil says that the Lasco parties acquired a registered legal interest in Petroleum Retention License 15, a license held by ExxonMobil and its co-venturers in Papua New Guinea, by bypassing the consent provision and using Lasco LTD., to file an unauthorized instrument with Papua New Guinea's tenement register of interest holders and their interests.

ExxonMobil has rectified the register, but the Lasco parties maintain that they were entitled to take an interest in the license.

Lasco LTD., sued ExxonMobil and others in Papua New Guinea, asserting rights under the contract and seeking declaratory and injunctive relief. The parties dispute (a) whether the contract's consent provisions were satisfied and (b) whether Lasco LTD., is entitled to hold a direct license interest under the contract.

ExxonMobil filed this lawsuit to compel the Lasco parties to arbitrate the claims instead and initiated arbitration. The lawsuit filed in Papua New Guinea by Lasco LTD., has since been stayed pending the arbitration in Houston.

3. *Jurisdiction Over Lasco LTD.*

Lasco Development LTD. (15), was incorporated in Papua New Guinea. It and the other Lasco entities are parties to a joint management and funding agreement that incorporates the indirect participation interest agreement's arbitration clause. Under this contract, the Lasco parties designated Lasco LTD., to receive and hold a 0.5% interest in the license, despite not having converted their individual IPI percentages into a registered direct interest.

ExxonMobil says that – under this contract – Lasco LTD., agreed to be bound by the arbitration agreement in the IPI contract.

Lasco LTD., says it is not a party to the IPI agreement, so it cannot be bound by its arbitration provision. A party is bound by collateral contracts that require arbitration if it agrees to it; this is no different than a choice of law clause.

At the same time, Lasco LTD., claims to be the designated nominee of the Lasco parties under the IPI agreement and so can therefore claim a direct right under it.

Further, when Lasco LTD., submitted its instrument of transfer of a license to the Papua New Guinea government, it asserted that ExxonMobil was contractually obliged to transfer a 0.5% minority interest to it under the IPI agreement. Lasco LTD., cannot reasonably claim an interest under the contract but deny that it is bound by that contract's arbitration clause.

The court has personal jurisdiction over Lasco LTD., because it agreed to arbitrate with ExxonMobil in Texas. It is compelled to arbitrate claims arising out of the IPI agreement.

4. *Contract.*

Under the Federal Arbitration Act, the court must determine (a) whether a valid agreement to arbitrate exists, and, if it does, (b) whether the agreement encompasses the dispute at issue.[1]

The contract mandates that on the request of a party to it, a claim "in any way arising out of, pertaining to, or in connection with" the contract "shall be resolved by binding arbitration."[2] It also allows all parties to file a lawsuit to compel arbitration.

All parties to the contract agreed to arbitrate claims arising from it. The parties' mutual agreement to arbitrate claims suffices as consideration to support the arbitration agreement.[3] The arbitration clause is enforceable.

The Lasco parties used the contract to hold their IPI percentages, and the contract determines the proper conversion procedure under it. ExxonMobil rightfully demanded arbitration of the question of whether the Lasco parties properly converted their IPI percentage to a registered legal interest in PRL 15.

This underlying dispute is plainly an "action, dispute, claim, or controversy of any kind ... in any way arising out of, pertaining to, or in

---

[1] *Klein v. Nabors Drilling USA L.P.*, 710 F.3d 234, 236 (5th Cir. 2011).

[2] Compl. 4, IPI Agreement § 14.10.

[3] *See Lizalde v. Vista Quality Markets*, 746 F.3d 222, 225 (5th Cir. 2014)(citing *In re 24R, Inc.*, 324 S.W.3d 564, 566 (Tex. 2010)).

connection with" the contract.[4] It is covered by the broad, unambiguous language of the binding arbitration clause.

5. *Conclusion.*

The parties are bound by the indirect participation interest agreement.

ExxonMobil Canada Holdings ULC, Lasco Development LLC (15), Lasco Development LTD. (15), and Lasco Family Trust LLC (15), must submit to the jurisdiction of the arbitrator and arbitrate the claims in the pending arbitration AAA Case 01-19-0001-2404.

Signed on April 3, 2020, at Houston, Texas.

_____
Lynn N. Hughes   USDJ
United States District Judge

---

[4] IPI Agreement § 14.10(a).